## Joel Ireland *versus* Jacob Abbott.

Since the statute of 1821, c. 39, a mortgage cannot be foreclosed, except by pursuing one of the modes provided by statute for that purpose.

Bill in equity. Ireland mortgaged certain lands to Abbott, on March 1, 1824, to secure the payment of three notes, the last payment to be made on Jan. 1, 1826. The bill alleged, that Abbott had taken and received the rents and profits of the land from April 1, 1829, to the date of the bill, Jan. 7, 1842, and appropriated the same to his own use; that the entry into possession by the mortgagee was not for condition broken, and not in conformity with law for the purpose of foreclosing the mortgage; that on Sept. 17, 1841, the mortgagor, in writing, requested the mortgagee to render an account of the rents and profits and of the sum due at that time, and that the mortgagee wholly refused. Abbott, in his answer, alleged that he conveyed the land to Ireland on the same day the mortgage was given, which was to secure the purchase money, that Ireland failed to pay for the land, and in Oct. 1828, offered to quit the premises and deliver up the same to Abbott, if he might remain during the winter ensuing, and that Abbott consented thereto; that prior to March 1, 1829, Ireland abandoned the premises; and that he, Abbott, "meaning and intending to take possession of said premises for the condition broken of said mortgage deed, and to foreclose the same, on March 30, 1829, put one J. P. into full possession of the premises, and contracted to sell his right to the same to him;" that Abbott, and those claiming under him, had held the quiet possession of the premises from March 1, 1829, to the present time, and the mortgage had thereby been foreclosed; and denied any right in Ireland to redeem the same.

*Wells*, for the plaintiff, contended that under the statute of 1821, c. 39, concerning mortgages, there could be no foreclosure of a mortgage, except in one of the modes pointed out in the statute. Here was a mere parol sale of the equity, and the mortgagee not only failed to pursue some one of the

modes pointed out in the statute, but entered into the premises as owner, and not as mortgagee. *Boyd* v. *Shaw*, 14 Maine R. 58, and note at the end of the case.

*H. & H. Belcher*, for the defendant, contended that there had been a foreclosure of the mortgage. When the mortgagee enters into the actual possession and occupation of the premises after the condition of the mortgage has been broken, the law presumes the entry to have been made for condition broken, and for the purpose of foreclosing the mortgage. The entry in the modes provided by the statutes, is necessary only where the mortgagor is suffered to remain in possession. *Taylor* v. *Weld*, 5 Mass. R. 109; *Skinner* v. *Brewer*, 4 Pick. 468.

The opinion of the Court was by

WHITMAN C. J. — This is a bill in equity by a mortgagor against his mortgagee. The mortgage was made in March, 1824, to secure the payment of three several notes of hand, one of which has been paid. Those remaining unpaid were, one for ninety dollars, payable in January, 1826, and the other for one hundred and eighty dollars, payable in January, 1827, with interest annually. In March, 1829, these two notes remaining wholly unpaid, the defendant, in pursuance of an arrangement between him and the plaintiff, entered upon and took peaceable possession of the mortgaged premises. The object of the bill is to obtain a redemption thereof. For this purpose the plaintiff avers, that he, in writing, duly demanded of the defendant an account, as provided by statute, exhibiting the amount due, which he refused to render; and this allegation is not traversed by the defendant, and may therefore, be taken to be true.

The defence is, that the entry, in 1829, was for condition broken, and that more than three years having elapsed thereafter, before the institution of this suit, the right of redemption is barred; and we see no reason to doubt, that such was the object of that entry. But by the statute of 1821, c. 39, § 1, it is provided, that the entry, to foreclose a mortgage shall be by process of law, consent in writing of the mortgagor, or by

taking open and peaceable possession in the presence of two witnesses. The entry of the defendant does not appear to have been in conformity to either of these provisions. We are aware of the doubt, thrown out by Mr. C. J. Weston, in *Boyd v. Shaw*, 14 Maine, R. 58. It was but a doubt, however; and not in reference to a matter essential in the decision of that case. The language of the statute seems to be plain and unambiguous; and we cannot hesitate in coming to a conclusion, that the defendant, in order to avoid the plaintiff's right of redemption, must bring himself within one of the provisions named. Not having done so, however much we may regret it, under the peculiar circumstances of this case, there must be a decree, that the plaintiff shall redeem the premises on paying to the defendant what is due in equity and good conscience.

A master in chancery must be appointed, who will cast the current interest, on the amount unpaid, to the first of April, 1830; and ascertain the net amount of the rents and profits, deducting the cost of repairs, improvements on the premises, and the amount assessed for taxes thereon, which the defendant realized, or might, by the use of reasonable and ordinary diligence, have realized for the year then next preceding, over and above a reasonable compensation for taking care of and managing the estate; and set one off against the other; and, according as the balance may be found to be, deduct it from, or add it to the principal; and so continue to do, from year to year, to the time of making his report; provided the debt shall not be thereby wholly cancelled; and if it should be, and any balance shall remain of said net rents and profits, such balance will be ascertained and reported.